UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
In Re                                      :
                                           :
MF GLOBAL HOLDINGS LTD., et al.,           :
                                           :
                              Debtors      :
------------------------------------------x
                                           :
MF GLOBAL HOLDINGS LTD., as Plan           :
Administrator, and MF GLOBAL ASSIGNED      :
ASSETS LLC,                                :
                                           :    17-cv-7332 (JSR)
                                           :
       PlaintiffS-Appellants,              :    OPINION AND ORDER
                                           :
           -v-                             :
                                           :
ALLIED WORLD ASSURANCE COMPANY, LTD,       :
                                           :
       Defendant-Appellee,                 :
                                           :
IRON-STARR EXCESS AGENCY LTD.,             :
IRONSHORE INSURANCE LTD., STARR            :
INSRUANCE & REINSURANCE LIMITED,           :
and FEDERAL INSURANCE COMPANY,             :
                                           :
       Defendants.                         :
------------------------------------------x



JED S. RAKOFF, U.S.D.J.

Plaintiffs MF Global Holdings Limited ("MF Global"), as Plan Administrator, and MF Global Assigned Assets LLC move for leave to appeal an order from the bankruptcy court (Glenn, J.) compelling arbitration and for a stay of the arbitration proceedings pending a ruling on that appeal. Defendant Allied World Assurance Company Limited ("Allied World") opposes. For the reasons that follow, the Court denies the motions.

1

MF Global, a holding company incorporated in Delaware, purchased errors and omissions insurance policies for the period May 31, 2011 to May 31, 2012 from, among others, Allied World, a company headquartered and incorporated in Bermuda. The policy obligated Allied World to contribute up to $15 million in the event of a covered loss.[1] In October 2011, MF Global collapsed and filed for bankruptcy, triggering a wave of lawsuits from customers whose deposits it had misappropriated. These claims were consolidated in a multi-district litigation before the bankruptcy court, and a global settlement was reached. Plaintiffs sought coverage under the errors and omissions insurance policies, and every other provider has since settled, with the vast majority paying the full policy limit. Allied World, however, declines to pay, on the ground that repayment of misappropriated funds is not a covered loss.

The liquidation plan, which the bankruptcy court confirmed in April 2013, provides that "the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 Cases on and after the Effective Date to the full extent legally permissible, including jurisdiction to . . . [a]djudicate, decide or resolve any

---

[1] The facts of this case are set forth in Judge Glenn's various, excellent opinions in this adversary proceeding, familiarity with which is here presumed. See, e.g., In re MF Glob. Holdings Ltd., et al., No. 16-1251 (Bankr. S.D.N.Y) ("Adv. Bankr. Dkt."), ECF No. 200 ("Arbitration Order"). Except where otherwise noted, the facts below are taken from those opinions.

2

motions, adversary proceedings, contested or litigated matters and any other matters." Bankr. Dkt., ECF No. 1382 ("Plan") at Art. XII.e. On October 27, 2016, MF Global filed an adversary complaint in the bankruptcy court against, among others, Allied World, seeking these insurance payments. Complaint, Adv. Bankr. Dkt., ECF No. 1.

The underlying insurance contract, however, required any disputes arising from the policy to be resolved by arbitration in Bermuda. Complaint, Ex. B at 7, In re MF Glob. Holdings Ltd., et al., No. 11-15059 (Bankr. S.D.N.Y) ("Bankr. Dkt."), ECF No. 1; Arbitration Order at 14-18 (holding that the arbitration clause covered the instant dispute). Allied World has consistently, even if at times a bit overzealously, sought to have the dispute arbitrated in Bermuda pursuant to the pre-petition contract. See Memorandum Opinion and Order Holding the Bermuda Insurers in Contempt, Adv. Bankr. Dkt. ECF No. 67.

Consistent with this approach, Allied World filed a motion to compel arbitration roughly a month after the complaint was filed in this adversary proceeding. Adv. Bankr. Dkt., ECF No. 13. In opposition, plaintiffs argued, among other things, that the reservation of the bankruptcy court's jurisdiction in the plan superseded the insurance policy's arbitration clause. The bankruptcy court rejected this argument, holding that, "[i]f the Debtors in this case wanted to attempt to modify pre-petition

contract rights to arbitrate disputes that had not resulted in a pre-confirmation adversary proceeding, at a minimum they should have said so explicitly." Order Granting Plaintiffs' Motion for Reconsideration but Denying Request to Modify Prior Decision or to Stay Arbitration in Bermuda at 3, Adv. Bankr. Dkt., ECF No. 202 ("Reconsideration Order"). Plaintiffs seek leave to appeal that decision.[2]

Defendant first argues that this appeal is barred by 9 U.S.C. § 16(b). Section 16(b) states:

> (b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—
> (1) granting a stay of any action under section 3 of this title;
> (2) directing arbitration to proceed under section 4 of this title;
> (3) compelling arbitration under section 206 of this title; or
> (4) refusing to enjoin an arbitration that is subject to this title.

The bankruptcy court's order is indisputably interlocutory, and by its express terms it "compel[s] arbitration" and "stays this adversary proceeding pending the outcome of the Bermuda arbitration." Arbitration Order at 26. Section 1292(b) permits district courts to certify interlocutory orders for appeal to

---

[2] Plaintiffs made several other arguments that the bankruptcy court also rejected but that plaintiffs recognize are inappropriate for this interlocutory appeal. See Plaintiffs' Motion for Leave to Appeal the Bankruptcy Court's Order Granting AWAC's Motion to Compel Arbitration and for a Stay at 4 dated September 26, 2017, ECF No. 4.

4

circuit courts. That exception, however, does not apply to this appeal from a bankruptcy court to a district court under 28 U.S.C. § 158(a).

Defendants argue that Congress's enumeration of a single exception suggests there are no others, so appeals under 158(a) are barred. See Elcom Techs. Corp. v. Am. Dynasty Surplus Lines Ins. Co., No. 98-13343SR, 2000 WL 1470217, at *7 n.6 (E.D. Pa. Oct. 3, 2000) (holding that Section 16(b) bars appeal under Section 158(a)).

Another possibility, however, is that Section 1292(b) is the only listed exception because the statute only applies to appeals from district courts to circuit courts. Neither the statute's text nor its legislative history suggests that Congress had in mind appeals from bankruptcy courts to district courts when it drafted Section 16(b). In fact, the statutory scheme governing bankruptcy suggests just the opposite. Congress gave district courts "original and exclusive jurisdiction of all cases under title 11," 28 U.S.C. § 1334(a), and provided that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Furthermore, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its

5

own motion or on timely motion of any party, for cause shown."
28 U.S.C. § 157(d). Referrals to bankruptcy courts are matters
of efficiency. The cases still belong to the district court,
thus suggesting that Section 16(b) does not apply to decisions
of a bankruptcy court.

Indeed, accepting the contrary position advocated by
defendant would result in like cases being treated differently.
If a case is not referred to the bankruptcy court or the
district court withdraws the reference, the parties would have
at least one Article III court decide whether to compel
arbitration and would then the opportunity for interlocutory
appeal to another pursuant to Section 1292(b). Meanwhile the
parties in another case that is referred to the bankruptcy court
and in which the district court does not withdraw the reference
could never hope to have any Article III court hear an
interlocutory appeal at all. There is no reason to think that
Congress intended such an arbitrary outcome. Cf. Abbott Labs. v.
Gardner, 387 U.S. 136, 140-42 (1967) (holding that courts should
narrowly construe statutes that seem to remove Article III
jurisdiction over agency decisions).

Absent an express statement from Congress, these
discretionary referrals should not rob the referred parties of
substantive rights of review by Article III courts to which they

6

would otherwise be entitled. Section 16(b) therefore does not bar this appeal.

Turning to the applicable standards, district courts, when deciding whether to grant an appeal from a bankruptcy court under 28 U.S.C. § 158(a)(3), apply the factors listed in 28 U.S.C. § 1292(b). Specifically, the movant must show that the appealed order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of judgment." Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Getione Motonave Achille Lauro In Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990) (internal quotation marks, alterations, and citation omitted).

The initial issue presented by this putative appeal is whether a bankruptcy plan provision that retains jurisdiction over future, related disputes supersedes pre-bankruptcy arbitration rights, even absent an express provision to that effect and even where the adversary proceeding that the defendants seeks to arbitrate began after confirmation. The bankruptcy court held that it does not. Reconsideration Order at 3.

Though it would not terminate the action, appeal of this issue presents a pure question of law that could be quickly resolved and would provide important guidance for similarly situated parties. It thus presents a controlling question of law. See Primavera Familienstifung v. Askin, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (citing these considerations beyond whether reversal would terminate the litigation); In re Worldcom, Inc., No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (same). There is also substantial ground for disagreement regarding the bankruptcy court's decision, as is evident by the logic of cases from the Seventh Circuit and Southern District of Florida, both of which found that such provisions do supersede preexisting arbitration rights where the defendant was on notice and did not object to the plan. See Ernst & Young LLP v. Baker O'Neal Holdings, Inc., 304 F.3d 753, 756 (7th Cir. 2002); Sirius Computer Sols., Inc. v. AASI Creditor Liquidating Tr., No. 10-cv-23406, 2011 WL 3843943, at *3 (S.D. Fla. Aug. 29, 2011).

However, reversal on this issue would not alone materially advance the ultimate termination of the litigation. Even assuming that avoiding erroneous arbitration is sufficient to materially advance the ultimate termination of the litigation within the meaning of Section 1292(b), but see Murray v. UBS Sec., LLC, No. 12-cv-5914 KPF, 2014 WL 1316472, at *4 (S.D.N.Y.

8

Apr. 1, 2014), reversal here would not guarantee that outcome. That is because defendant argues that this provision of the plan should not be enforced against it for several independent reasons, each of which would need to be resolved.

To begin with, defendant claims that it should not lose its right to compel arbitration by failing to object to this provision in the plan because it, unlike the defendants in Ernst & Young and Sirius, was not similarly on notice. See Ernst & Young, 304 F.3d at 756 (relying on the facts that the adversary proceeding began before plan was confirmed and defendant participated in formation of plan); In re All Am. Semiconductor, Inc., No. 07-12963-BKC-LMI, 2010 WL 2854153, at *7-*8 (Bankr. S.D. Fla. July 20, 2010) (defendant knew adverse proceedings were imminent, knew it was a potential target, and received sufficient documentary notice of the provision to make its failure to review and object unreasonable); Sirius Computer Sols., 2011 WL 3843943, at *4 (affirming).

Defendant also argues that the underlying insurance dispute is not covered by the terms of the plan. Bankruptcy courts cannot finally resolve non-core disputes absent knowing and voluntary consent of the parties; they can only provide a report and recommendation to the district court. See 28 U.S.C. § 157(c)(1); Wellness Int'l, 135 S. Ct. at 1940 ("Absent consent, bankruptcy courts in non-core proceedings may only submit

9

proposed findings of fact and conclusions of law, which the district courts review de novo."). The bankruptcy court only retained jurisdiction to "adjudicate, decide or resolve" these matters "to the full extent legally permissible." Plan at Art. XII. Defendant argues that the underlying insurance dispute is non-core, and that it did not consent to the bankruptcy court's jurisdiction, so the plan does not reserve jurisdiction as to this issue because it would violate Article III.

Defendant also contends that it is not bound by the plan because it is not a creditor of MF Global. (Plaintiffs respond that defendant is a bound because it is a "holder of a claim," see Plan, Art. XI.B, because it holds contingent claims against MF Global, and a "party in interest," as it had a stake in the outcome of the reorganization.)

The Court does not here address the merits of defendant's arguments listed above, other than to note that they are not frivolous on their face. But if even one of defendant's arguments is correct, then a decision on this appeal will be wasted effort. Cf. Oneida Indian Nation of New York State v. Oneida Cty., 622 F.2d 624, 628 (2d Cir. 1980) (finding the requirements of Section 1292(b) not met where "the premise of the certified question may be destroyed" in a later proceeding). Moreover, resolving these independent arguments would require far more factual analysis than the initial question presented,

10

making them inappropriate for interlocutory appeal. See Arbitration Order at 18-24 (engaging in such factual analysis in holding that the underlying dispute is non-core); Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1949 (2015) (remanding for a determination of consent to jurisdiction that "would require a deeply factbound analysis of the procedural history unique to this protracted litigation"). Rulings that depend on specific factual findings also provide less precedential value or guidance to third parties, making these questions even less suitable for interlocutory appeal.

The Court therefore finds no exceptional circumstances justifying a departure from the basic policy of postponing appellate review until after a final judgment. The motion for leave to appeal is denied.

Because the Court has denied the motion for leave to appeal, there need be no stay of arbitration pending resolution of that appeal, and plaintiff's motion for a stay is denied as moot. The Clerk of Court is directed to close the case.

Dated: New York, NY
October 30, 2017

JED S. RAKOFF, U.S.D.J.